```
_ _ _ FILED  _ _ _ ENTERED
_ _ _ _ LODGED_ _ _ _ RECEIVED
           JAN 21 2005   DJ
                AT SEATTLE
         CLERK U.S. DISTRICT COURT
      WESTERN DISTRICT OF WASHINGTON
BY                            DEPUTY
```

05-CV-00119-CMP

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

RANDY ANFINSON; JAMES GEIGER; and STEVEN HARDIE, individually and on behalf of others similarly situated,

Plaintiffs,

v.

FEDEX GROUND PACKAGE SYSTEM, INC.; JOHN SCHNEBECK; CHERYL PILAKOWSKI; and JOHN DOES 1 through 10,

Defendants.

Case No. CV5 0119 C

NOTICE OF REMOVAL OF DEFENDANT FEDEX GROUND PACKAGE SYSTEM, INC.

(originally King County Superior Court Case No. 04-2-39981-5SEA)

TO:    The Judges of the United States District Court for the Western District of Washington

AND TO:    Martin S. Garfinkel, William Rutzick, Lawrence Schwerin, and Dimitri Iglitzin, Attorneys for Plaintiffs

PLEASE TAKE NOTICE THAT Defendant FedEx Ground Package System, Inc. ("FedEx Ground") hereby removes to this Court the state-court action described below, with the consent of Defendant John Schnebeck and Defendant Cheryl Pilakowski (collectively, "Defendants"):

# ORIGINAL

Jackson Lewis LLP
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

1        1.        This removal involves an action that was commenced in the Superior Court of the

2    State of Washington in and for the County of King, entitled Randy Anfinson, James Geiger, and

3    Steven Hardie, individually and on behalf of others similarly situated v. FedEx Ground Package

4    System, Inc., John Schnebeck, Cheryl Pilakowski, and John Does 1 through 10, Case Number

5    04-2-39981-5-SEA.   The Plaintiffs' lawsuit is based on alleged violations of the Washington

6    Minimum Wage Act, RCW § 49.46, and the Washington Industrial Welfare Act, RCW § 49.12.

7    A true and correct copy of the Plaintiffs' "Class Action Complaint," which was filed on

8    December 21, 2004, is attached hereto as Exhibit A.   On that date, the Washington Superior

9    Court entered an "Order Setting Civil Case Schedule," which, among other things, set a trial date

10   for June 12, 2006. A true and correct copy of the Order Setting Civil Case Schedule is attached

11   hereto as Exhibit B.

12       2.        On December 23, 2004, Defendant FedEx Ground was served with the Summons

13   and "Class Action Complaint" in this matter.  A true and correct copy of the Service of Process

14   Transmittal Form is attached hereto as Exhibit C.

15       3.        On or about January 3, 2005, Defendant Schnebeck was served with the

16   Summons and Complaint in this matter.   (See Declaration of John Schnebeck in Support of

17   Defendant FedEx Ground Package System, Inc.'s Notice of Removal ["Schnebeck Decl."], filed

18   concurrently herewith, ¶ 10.)  On or about January 6, 2005, Defendant Pilakowski was served

19   with the Summons and "Class Action Complaint" in this matter.  (See Declaration of Cheryl

20   Pilakowski in Support of Defendant FedEx Ground Package System, Inc.'s Notice of Removal

21   ["Pilakowski Decl."], filed concurrently herewith, ¶ 9.)   FedEx Ground has not secured the

22   assent of the Doe Defendants before removing this action because, to its knowledge, the Doe

23   Defendants have not been served and have not voluntarily appeared in this action.

24       4.        Defendants filed and served their Answer to the Plaintiffs' Complaint on

25   January 21, 2005. A true and correct copy of the Answer is attached hereto as Exhibit D.  No

26   further proceedings have occurred in the Washington state court.  In accordance with Local Civil

27

NOTICE OF REMOVAL OF DEFENDANT FEDEX GROUND PACKAGE
SYSTEM, INC - 2

Jackson Lewis LLP
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

1   Rule 101(b), Defendants will provide this Court with a Verification of State Court Records

2   within ten days of the filing of this Notice of Removal.

3        5.      FedEx Ground has filed and served this Notice of Removal less than 30 days

4   since the first-served defendant's receipt of a copy of the initial pleading setting forth the claim

5   for relief upon which this action is based.  Accordingly, this Notice of Removal is timely filed.

6   28 U.S.C. § 1446(b).

7        6.      This action is a civil action over which this Court has original jurisdiction under

8   28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant FedEx Ground

9   pursuant to the provisions of 28 U.S.C. § 1441(b), in that this is a civil action between citizens of

10   different states and the matter in controversy exceeds the sum of $75,000.

11             Jurisdictional Amount

12        7.      Plaintiffs' allegations satisfy the $75,000 amount-in-controversy requirement.

13   Although this matter involves a putative class action,[1] only the named Plaintiffs' alleged claims

14   are considered for purposes of satisfying the amount-in-controversy requirement.  See Gibson v.

15   Chrysler Corp., 261 F.3d 927, 941 (9th Cir. 2001).  Moreover, the individual Plaintiffs' alleged

16   claims are not aggregated; rather, each named Plaintiff's potential recovery must be analyzed

17   separately.  Id. at 943-44.

18        8.      Defendants specifically deny that Plaintiffs are entitled to any recovery at all.

19   However, the Plaintiffs' Complaint indicates that Plaintiffs are seeking damages in excess of

20   $75,000.  Although the Complaint asserts that each of the named Plaintiffs has "been harmed in

21   an amount that does not exceed $75,000, exclusive of interest and costs" (Complaint, ¶ 2.3), this

22   assertion is an obvious – and ultimately unsuccessful – attempt to avoid removal to federal court

23   because Plaintiffs' alleged "harm" is only one component of the amount in controversy.

24   

25   [1] Plaintiffs purport to bring this action "on behalf of themselves and others similarly situated who worked for defendants for the past three years, and hereafter." (Complaint, ¶ 1.1.)  Plaintiffs seek to represent a class defined as follows:  "all persons who currently perform or who have performed services for defendants in Washington as

26   'package pick up and delivery drivers' during at least a portion of the three years prior to the service and/or filing of this complaint, and thereafter, each of whom signed (or through his corporate entity signed) a FedEx contractor

27   agreement and handled a single route . . . ." (Complaint, ¶ 4.1.)

Jackson Lewis LLP
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

1   Plaintiffs are also seeking attorneys' fees and exemplary damages of two times the amount of

2   their alleged lost wages pursuant to RCW § 49.52.070, which as discussed below, must be taken

3   into consideration when evaluating satisfaction of the $75,000 jurisdictional amount.

4       9.      Plaintiffs assert violations of the Washington Minimum Wage Act, RCW § 49.46,

5   and the Washington Industrial Welfare Act, RCW § 49.12, based on their contention that they

6   are employees and not independent contractors.  (See, e.g., Complaint, ¶ 1.2.)  More particularly,

7   although Defendants specifically deny that any Plaintiff is entitled to any relief at all, the

8   Plaintiffs seek the following:     (a) recovery of allegedly-owed overtime compensation

9   (Complaint, ¶¶ 6.2, VIII A); (b) reimbursement of uniform expenses (Complaint, ¶¶ 7.2-7.3, VIII

10  A); (c) "[b]eginning in August, 2004, exemplary damages in amounts equal to double the wages

11  due to class members (Complaint, ¶ VIII B); and (d) attorneys' fees (Complaint, ¶ VIII C).

12      10.     Although Defendants deny that the Plaintiffs are entitled to any relief, the

13  allegations in the Complaint and the evidence described below indicate that each named Plaintiff

14  is seeking damages in excess of $75,000 within the meaning of the diversity-of-citizenship

15  statute. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004) (facts presented in

16  removal petition, as well as summary judgment-type evidence, are considered in determining

17  compliance with amount-in-controversy requirement).

18      11.     In terms of the Plaintiffs' alleged economic damages, although Defendants will

19  vigorously contest the Plaintiffs' entitlement to any damages at all, and, if any individual

20  Plaintiff were to prevail on the merits, would contest said Plaintiff's entitlement to any and all of

21  the specific items of relief identified in the Complaint, a reasonable estimate would appear to be

22  that the amount arguably in controversy with respect to each named Plaintiff is between

23  approximately $8,700 and $66,000.

24      (a).    **Steven Hardie.**   Plaintiff Steven Hardie has been an independent

25  contractor with FedEx Ground since approximately April 2001.  (See Schnebeck Decl., ¶ 8.)

26  Applying the three-year statute of limitations applicable to claims for alleged unpaid overtime

27  under Washington law, this would mean that Hardie could seek to recover for his alleged unpaid

NOTICE OF REMOVAL OF DEFENDANT FEDEX GROUND PACKAGE
SYSTEM, INC - 4

Jackson Lewis LLP
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

1   overtime for the period from December 21, 2001 through the time of trial in this matter –

2   currently set for June 12, 2006.  FedEx Ground maintains records which reflect the weekly

3   hours spent by independent contractors, such as Mr. Hardie, in providing package pickup and

4   delivery services for its customers, as well as the payments made by FedEx Ground to the

5   contractors for their package pickups and deliveries during the week in question.   (See

6   Schnebeck Decl. ¶ 6.)  The data for Mr. Hardie, for the week ending June 6, 2003 through the

7   week ending January 7, 2005, provides a basis on which to estimate the amount of alleged

8   unpaid overtime that arguably could be sought by Mr. Hardie in the event the Court were to

9   determine that he was an employee rather than an independent contractor.   (See, generally,

10  Schnebeck Decl. ¶¶ 6, 8, and Ex. 2.)

11          This data indicates that Mr. Hardie likely could attempt to recover at least

12  approximately $12,700 in alleged unpaid overtime for the period between June 2003 and

13  January 2005.[2]  The trial in this matter is presently set for June 12, 2006.  On the assumption

14  that his experience would be the same over the next 17 months as in the past 17 months,

15  Mr. Hardie likely could attempt to recover at least approximately $11,600 in alleged unpaid

16  overtime for the period between now and June 2006.[3]  Finally, with respect to the period from

17  December 21, 2001 through June 2003, on the assumption that Mr. Hardie's experience was the

18  same during this 17-month period as in the immediately-succeeding 17-month period (for which

19  FedEx Ground has readily-available data), Mr. Hardie likely could attempt to recover at least

20  approximately $11,000 in additional alleged unpaid overtime.   Thus, the total amount of

21  Mr. Hardie's alleged unpaid overtime could be approximately $35,300.

22

23  [2] This figure is derived by calculating Mr. Hardie's "hours worked" in excess of 40 hours in each week, as well as
    his "regular rate of pay," and then applying 0.5 times his "regular rate of pay" to the number of Mr. Hardie's

24  "overtime hours" in each week.  The "regular rate of pay" is derived by dividing Mr. Hardie's weekly compensation,
    known as "gross settlement," by his weekly "hours worked."   Although Defendants specifically deny that

25  Mr. Hardie or any other Plaintiff was an employee as opposed to an independent contractor, we have used the
    methodology for calculating unpaid overtime that arguably would be applicable in the event the Plaintiffs were
    deemed to be employees. See, generally, *Inniss v. Tandy Corp.*, 141 Wn .2d 517 (2000).

26  [3] *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011, n.4 (2002) ("While an estimate of the amount
    in controversy must be made based on facts known at the time of removal, that does not imply that items such as

27  future income loss, damages or attorneys fees likely to be incurred cannot be estimated at the time of removal.").

Jackson Lewis LLP
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

1      Finally, the Plaintiffs' Complaint also seeks exemplary damages in an amount

2  equal to double the alleged unpaid overtime for the period beginning August 2004.   This

3  exemplary damages provision would likely allow Mr. Hardie to seek to recover an additional

4  amount of approximately $31,000 for the period through the current trial date.

5      Thus, the total of the alleged unpaid overtime and alleged exemplary damages

6  that reasonably likely would be sought by Mr. Hardie in the event the Court were to determine

7  that he was an employee, rather than an independent contractor, is approximately $66,000.

8      (b)    Randy Anfinson.  Plaintiff Randy Anfinson has been an independent

9  contractor, through his own business (called RJCD Enterprises Inc.), with FedEx Ground since

10  approximately July 8, 2002.  (See Schnebeck Decl., ¶ 7.)  Using the same type of data (see,

11  generally, Schnebeck Decl. ¶¶ 6-7 and Ex. 1) and the same methodology as for Mr. Hardie, the

12  information indicates that Mr. Anfinson likely could attempt to recover at least approximately:

13  $10,000 in alleged unpaid overtime for the period between June 2003 and January 2005; $9,250

14  in alleged unpaid overtime for the period between now and June 2006; and $6,000 in alleged

15  unpaid overtime for the period between July 2002 and June 2003.  Moreover, the Plaintiffs'

16  request for exemplary damages would likely allow Mr. Anfinson to seek to recover an

17  additional amount of approximately $25,000 for the period through the current trial date.  Thus,

18  the total of the alleged unpaid overtime and alleged exemplary damages that reasonably likely

19  would be sought by Mr. Anfinson in the event the Court were to determine that he was an

20  employee, rather than an independent contractor, is approximately $50,000.

21      (c)    James Geiger.  Plaintiff James Geiger was an independent contractor with

22  the FedEx Home Delivery division of FedEx Ground between approximately October 2001 and

23  September 2003.  (See Complaint, ¶ 3.2; Pilakowski Decl., ¶ 7.)  Using the same type of data

24  (see, generally, Pilakowski Decl. ¶¶ 6-7 and Ex. 1) and the same basic methodology as for

25  Plaintiffs Hardie and Anfinson, the information indicates that Mr. Geiger likely could attempt to

26  recover at least roughly $8,700 in alleged unpaid overtime for the period between October 2001

27  and September 2003.

NOTICE OF REMOVAL OF DEFENDANT FEDEX GROUND PACKAGE
SYSTEM, INC - 6

Jackson Lewis LLP
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

12.     Plaintiffs also seek an award of attorneys' fees pursuant to RCW §§ 49.46.090, 49.48.030, and 49.52.070. (See Complaint, ¶ VIII C.) "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998). Accordingly, the potential award of attorneys' fees is properly included in the computation of the jurisdictional amount in this matter, and the measure of attorneys' fees for instant purposes is the amount which, at present, can reasonably be anticipated to be incurred through resolution of this lawsuit.[4] See Brady v. Mercedes-Benz USA, Inc., 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002). Notwithstanding the uncertainty surrounding any estimate of attorneys' fees at this early juncture, FedEx Ground submits that a reasonable estimate of the attorneys' fees component of the amount-in-controversy in this case is $75,000 per Plaintiff, which corresponds to 300 hours at $250/hour. See Hisle v. Todd Pac. Shipyards Corp., 113 Wn. App. 401, 430 (2002) (recognizing that a plaintiff may recover attorneys' fees for violations of the Washington Minimum Wage Act); see also Brand v. Dept. of Labor & Indus., 139 Wn. 2d 659, 666 (1999) (general procedure for determining attorneys' fees is for court to assess a "lodestar" figure "by multiplying a reasonable hourly rate by the number of hours reasonably expended on the matter").

13.     Diversity jurisdiction is established where it is more likely than not that the amount in controversy exceeds $75,000. Valdez, 372 F.3d at 1117. Based on the allegations in the Complaint and the evidence submitted with this Notice of Removal, that is the case here with respect to the alleged recovery sought by each individual named Plaintiff. Accordingly, the amount in controversy requirement is satisfied. See 28 U.S.C. § 1332(a).

---

[4] Because the Plaintiffs in this case are seeking "such other and further relief as the Court deems just and proper" (Complaint, ¶ VIII F), Plaintiffs have increased the amount in controversy by significant measure. See Gilmer v. Walt Disney & Co., 915 F. Supp. 1001, 1011 (W.D. Ark. 1996) (denying remand where plaintiff sought "all other relief to which the class may be entitled," and noting that "plaintiff has attempted to 'have her cake and eat it too'" by arguing "in this court that she is only entitled to crumbs," while "carefully preserv[ing] her right to insist that she is entitled to the whole cake when she gets back to state court."). The Plaintiffs' request for declaratory relief (Complaint, ¶ VIII E) has the same effect. See Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347 (1977) (superseded by statute on other grounds) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.").

Jackson Lewis LLP
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

14.     In the event this Court were to determine that the $75,000 amount-in-controversy requirement is not satisfied with respect to certain named Plaintiffs, the Court should exercise supplemental jurisdiction over said Plaintiffs and their claims.   28 U.S.C. § 1367; see also Gibson, 261 F.3d at 938, 941 (28 U.S.C. § 1367 confers supplemental jurisdiction over claims of plaintiffs and class members in a diversity class action when a named plaintiff has claim which satisfies the amount-in-controversy requirement.

### Diversity of Citizenship

15.     The Complaint alleges that Plaintiffs are residents of Pierce and Kitsap counties, in the State of Washington.   (Complaint, ¶¶ 3.1-3.3.)   Therefore, Plaintiffs are citizens of Washington for diversity-of-citizenship purposes.

16.     FedEx Ground is a Delaware corporation, i.e., it is incorporated under the laws of the State of Delaware.   Its corporate headquarters, i.e., its principal place of business, is located in Pennsylvania.   Therefore, FedEx Ground is a citizen of the States of Delaware and Pennsylvania for diversity-of-citizenship purposes. See 28 U.S.C. § 1332(c).

17.     The citizenship of the Doe Defendants in this matter (i.e., Defendants John Does 1 through 10) is disregarded for diversity-of-citizenship purposes. See 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.").

18.     Defendant Schnebeck is a resident of King County, in the State of Washington. (See Schnebeck Decl., ¶ 9.) Defendant Pilakowski resides in Pierce County, in the State of Washington. (See Pilakowski Decl., ¶ 8.) Therefore, Schnebeck and Pilakowski are citizens of Washington for diversity-of-citizenship purposes.

19.     Although Defendants Schnebeck and Pilakowski are citizens of Washington, the sole purpose of adding them as defendants appears to be to prevent this Court from exercising jurisdiction under 28 U.S.C. § 1332.

20.     Joinder of a non-diverse defendant does not defeat diversity jurisdiction when the plaintiff cannot prove a cause of action against that defendant.  See Schwarzer, Tashima and

1   Wagstaffe, Rutter Group Prac. Guide: Fed. Civ. Proc. Before Trial, § 2D, 2:671.1, p. 2D-34.1

2   (2002). Under this analysis, a defendant is deemed a fraudulently-joined or "sham" defendant if:

3   (1) the cause of action stated against the defendant is patently spurious; or (2) plaintiff states a

4   nominal cause of action, but there is no reasonable basis for imposing liability. See id. at 2:672,

5   p. 2D-35.

6       21.     Under Ninth Circuit authority, defendants are "entitled to present the facts

7   showing the joinder to be fraudulent." McCabe v. General Foods Corp., 811 F.2d 1336, 1339

8   (9th Cir. 1987) (non-diverse managers joined as defendants in wrongful discharge lawsuit

9   against former employer were joined for sole purpose of defeating diversity jurisdiction, and

10  therefore diversity of citizenship existed).

11      22.     Schnebeck's and Pilakowski's Declarations establish that Plaintiffs cannot sustain

12  a viable cause of action against them, and that the claims stated against them in the Complaint

13  are patently spurious, or, at best, nominal causes of action that provide no reasonable basis for

14  imposing liability.

15      23.     Plaintiffs assert that, among other things, Defendants (including Schnebeck and

16  Pilakowski): (1) "have failed and refused to pay plaintiffs and class members overtime pay;"

17  and (2) have "failed and refused to either furnish plaintiffs . . . uniforms at no cost or to

18  reimburse plaintiffs for the expenses related to such uniforms." (Complaint ¶¶ 5.3, 5.5.)

19      24.     With respect to Plaintiffs' first cause of action, which seeks unpaid overtime and

20  related penalties, Plaintiffs allege that Schnebeck and Pilakowski are personally liable because

21  each is allegedly an "employer" for purposes of the Minimum Wage Act, or, alternatively, a

22  "vice-principal and/or agent" of FedEx Ground for purposes of the "double damages" provision

23  in RCW § 49.52. (See Complaint ¶¶ 3.5, 3.6.)

24      25.     The Washington Supreme Court has not analyzed the standards for holding, and

25  has never held, an individual defendant personally liable as an "employer" or a "vice-principal

26  and/or agent" in actions under the Minimum Wage Act or RCW § 49.52. Nonetheless, the very

27  statutory provisions invoked by Plaintiffs, and the case law interpreting analogous statutes, make

NOTICE OF REMOVAL OF DEFENDANT FEDEX GROUND PACKAGE
SYSTEM, INC - 9

Jackson Lewis LLP
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

1  clear that individual liability for supervisors and agents is limited to those supervisors and agents
2  who are responsible for the harm alleged by the employee.

3       26.     While the statutory definition of "employer" in the Minimum Wage Act, RCW
4  § 49.46.010, includes a "person or group of persons acting directly or indirectly in the interest of
5  an employer in relation to an employee," this language does not create personal liability on the
6  part of an individual supervisor or agent who has no control over the employer's pay practices
7  that are at issue in the underlying litigation.

8       27.     The Washington Supreme Court has held that an even broader definition of
9  "employer," in the Washington Law Against Discrimination, does not create personal liability
10 against an individual supervisor unless the supervisor "affirmatively engage[d] in discriminatory
11 conduct." Brown v. Scott Paper Worldwide Co., 143 Wn. 2d 349, 360-61 (interpreting definition
12 of "employer" which included "any person acting in the interest of an employer, directly or
13 indirectly"); compare RCW § 49.46.010 (limiting individual liability to a "person or group of
14 persons acting directly or indirectly in the interest of an employer in relation to an employee.").

15      28.     Courts interpreting the federal Fair Labor Standards Act ("FLSA") - which, like
16 the Washington Minimum Wage Act, creates liability on the part of a "person acting directly or
17 indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d) – have
18 held that individual liability under the FLSA only attaches when, among other things, the
19 individual supervisor or agent is responsible for the pay practices challenged by the plaintiff.
20 See Donovan v. Agnew, 712 F.2d 1509, 1513 (1st Cir. 1983) (noting that the FLSA does not
21 create liability on the part of "any supervisory employee, even those without any control over the
22 corporation's payroll," and affirming finding of corporate officer's liability only after concluding
23 that he held "significant ownership interest" and had "operational control" of the company's pay
24 practices); Baird v. Kessler, 172 F. Supp. 2d 1305, 1311 (E.D. Cal. 2001) (holding that plaintiffs'
25 supervisors, even if they possessed the power to hire and fire, did not control the "purse strings"
26 supporting plaintiffs' jobs, and noting that Congress did not intend "to make each individual
27 manager and officer within a business, public or private, personally liable for violations of the

NOTICE OF REMOVAL OF DEFENDANT FEDEX GROUND PACKAGE
SYSTEM, INC - 10

1 FLSA, when a manager or officer cannot control the very things which may lead to violations of

2 the FLSA."). FedEx Ground submits that a Washington state court would follow these decisions

3 under the FLSA in light of the very close similarity in the relevant statutory language.[5]

4       29.    The Washington statute authorizing "double damages" for allegedly unpaid

5 wages, RCW § 49.52, requires an even higher showing of participation in the employer's

6 allegedly unlawful pay practices.  That statute authorizes wage-collection suits against an

7 employer's "vice-principal" or "agent," but mandates that the "vice-principal" or "agent" must

8 have acted "[w]ilfully and with intent to deprive the employee of any part of his wages . . . ."

9 RCW § 49.52.050; see also RCW § 49.52.070. As explained by the appellate court in Ellerman

10 v. Centerpoint Prepress, Inc., 143 Wn. 2d 514, 522 (2001), the Washington Legislature only

11 "intended to impose personal liability on vice principals who directly supervise or control the

12 payment of wages. In sum, the liberal construction of the term 'vice principal' that Ellerman

13 maintains could result in substantial unfairness by imposing personal liability on managers or

14 supervisors who had no direct control over the payment of wages." See also id. ("[I]t would be

15 incongruous to hold that any possible agency relationship between an employer and an employee

16 can make that employee personally liable for the wages of other employees. The 'agency'

17 contemplated by the statute requires some power and/or authority of the alleged agent to make

18 decisions regarding wages, or the payment or withholding of wages before the possibility of

19 personal liability can attach.").

20       30.    Plaintiffs have not alleged (nor can they in good faith) any facts establishing the

21 degree of active and willful participation in FedEx Ground's allegedly unlawful pay practices

22 that would be necessary to establish individual supervisory liability vis-à-vis Schnebeck or

23 Pilakowski, even assuming those pay practices were unlawful, which Defendants deny.

24 Schnebeck and Pilakowski played no role whatsoever in FedEx Ground's decision to classify

25
26
27

[5] The Washington Supreme Court has stated: "When construing provisions of the Washington Minimum Wage Act, this Court may consider interpretations of comparable provisions of the Fair Labor Standards Act of 1938 as persuasive authority." *Inniss v. Tandy Corp.*, 141 Wn.2d 517, 524 (2000) (citations omitted). *Accord Boykin v. Boeing Co.*, 128 F.3d 1279, 1282 (9th Cir. 1997) (noting that the Washington Minimum Wage Act "was modeled after the FLSA").

Jackson Lewis LLP
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

1   Plaintiffs as independent contractors rather than employees, and they played no role whatsoever
2   in FedEx Ground's decision not to provide "overtime" pay to those contractors. (See Schnebeck
3   Decl. ¶¶ 3-4; Pilakowski Decl. ¶¶ 3-4.) Accordingly, Schnebeck and Pilakowski cannot be held
4   personally liable for alleged violations of Washington's Minimum Wage Act or for double
5   damages under RCW § 49.52.

6       31.     With respect to Plaintiffs' second cause of action, which seeks reimbursement of
7   uniform expenses pursuant to the Washington Industrial Welfare Act, the statute creating this
8   cause of action applies only to employers, not their officers or agents. RCW § 49.12.450
9   (describing obligation of "an employer" to furnish or compensate employees for employer-
10  required apparel). Indeed, an "employer" is defined elsewhere in the Washington Industrial
11  Welfare Act as a person or entity "that employs one or more employees," which is a narrower
12  definition of "employer" than the above-discussed corresponding definition in the Minimum
13  Wage Act. Thus, the Industrial Welfare Act provides even less basis for holding Schnebeck and
14  Pilakowski personally liable. Compare Brown, 143 Wn. 2d 349 at 358-59 (individual liability
15  under Washington Law Against Discrimination stems from statutory definition of "employer" to
16  include a "person acting in the interest of the employer," and noting that lack of similar language
17  in Title VII of the federal Civil Rights Act of 1964 had led courts to reject individual liability
18  under the latter statute); see also Clallam County Deputy Sheriff's Guild v. Bd. of Clallam
19  County Comm'rs, 92 Wn.2d 844, 851 (1979) ("The omission of a similar provision from a
20  similar statute usually indicates a different legislative intent.").

21      32.     Moreover, even if a court were to conclude that the Industrial Welfare Act did
22  create individual liability, Schnebeck and Pilakowski played no role whatsoever in the
23  challenged decisions regarding the non-reimbursement of Plaintiffs' uniform expenses. (See
24  Schnebeck Decl. ¶¶ 3 and 5; Pilakowski Decl. ¶¶ 3 and 5.) Thus, they could not be held
25  individually liable for a violation of the statute.

26      33.     Because Schnebeck and Pilakowski are "sham" defendants, this Court may
27  disregard their citizenship, and the Court therefore has jurisdiction under 28 U.S.C. § 1332.

NOTICE OF REMOVAL OF DEFENDANT FEDEX GROUND PACKAGE
SYSTEM, INC - 12

Jackson Lewis LLP
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

1    * * * * *

2       34.    The Western District of Washington is the federal district where the state action is

3    pending.

4       35.    As required by 28 U.S.C. § 1446(d) and affirmed in the attached Certificate of

5    Service, Defendant FedEx Ground has served Plaintiffs with this Notice of Removal.

6       36.    As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being

7    filed with the Superior Court of the State of Washington in and for the County of King.

8       37.    As required by Local Civil Rule 101(b), a copy of the Complaint is attached to

9    this Notice of Removal as Exhibit A.

10

11

12       DATED this 21st day of January, 2005.

13

                                    JACKSON LEWIS LLP
14

15                          By: _____
16                              Wayne W. Hansen, WSBA #8912
                                Aaron A. Roblan, WSBA #30784
17                              Karen P. Kruse, WSBA#19857
                                Jackson Lewis LLP
18                              One Union Square
                                600 University Street, Suite 2900
19                              Seattle, WA  98101
                                Telephone: (206) 405-0404
20                              Fax: (206) 405-4450
21                              E-mail: krusek@jacksonlewis.com
                                Attorneys for Defendants FedEx Ground
22                              Package  System,  Inc.,  John  Schnebeck,
                                Cheryl Pilakowski
23

24

25

26

27

NOTICE OF REMOVAL OF DEFENDANT FEDEX GROUND PACKAGE
SYSTEM, INC - 13

Jackson Lewis LLP
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

1

## DECLARATION OF SERVICE

2    The undersigned declares under penalty of perjury under the laws of the United States of

3    America that a true and accurate copy of the document to which this declaration is affixed was

4    sent via email and US mail, on this 21st day of January, 2005, to:

5

6                               Martin S. Garfinkel
                               Schroeter Goldmark & Bender
7                               810 Third Avenue
                               Seattle, WA  98104
8

9                               Lawrence Schwerin
                               Dmitri Iglitzin
10                              Schwerin Campbell Barnard
                               18 West Mercer Street, Suite 400
11                              Seattle, WA 98119

12

13
     DATED this 21st day of January, 2005.
14

15

16                                    _____
                                     Lynn Gilkey
17

18

19

20

21

22

23

24

25

26

27

Jackson Lewis LLP
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

Exhibit A

12:25

1
2
3
4
5
6
7          IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
8               IN AND FOR THE COUNTY OF KING

9   RANDY ANFINSON, JAMES GEIGER and          No.          **GREGORY P. CANOVA**
    STEVEN HARDIE, individually and on behalf
10  of others similarly situated,                          **0 4 - 2 - 3 9 9 8 1 - 5** SEA

11                           Plaintiffs,

12          v.                                     SUMMONS

13  FEDEX GROUND PACKAGE SYSTEM,              ┌─────────────────────────┐
    INC., JOHN SCHNEBECK, CHERYL             │     RECEIVED            │
14  PILAKOWSKI, and JOHN DOES 1 through      │ In King County Superior Court Clerk's Office │
    10,                                      │                         │
15                                           │     DEC 2 1 2004        │
16                           Defendants.     │                         │
                                             │     Cashier Section     │
17                                           │     Superior Court Clerk │
                                             └─────────────────────────┘
18  TO:    FEDEX GROUND PACKAGE SYSTEM, INC.

19         A lawsuit has been started against you in the above-entitled court by RANDY

20  ANFINSON, JAMES GEIGER and STEVEN HARDIE, plaintiffs. Plaintiffs claims are stated

21  in the written Complaint, a copy of which is served upon you with this Summons.

22         In order to defend against the lawsuit, you must respond to the complaint by stating

23  your defense in writing, and serve a copy upon the undersigned attorney for the plaintiffs

24  within 20 days after the service of this Summons, or within 60 days if this Summons was

25  served outside the State of Washington, excluding the day of service, or a default judgment

26  may be entered against you without notice. A default judgment is one where the plaintiffs are

SUMMONS - FEDEX - 1                          SCHROETER GOLDMARK & BENDER
P:\152534500\P\SUMMONS - FEDEX 12.14.04 JVD.doc    500 Central Building · 810 Third Avenue · Seattle, WA 98104
                                                   (206) 622-8000

**RECEIVED**
In King County Superior Court Clerks Office

**DEC 2 1 2004**

Cashier Section
Superior Court Clerk

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

RANDY ANFINSON, JAMES GEIGER,
AND STEVEN HARDIE, individually and on
behalf of others similarly situated,

**GREGORY P. CANOVA**

Plaintiffs,

No. **04-2-39981-5 SEA**

v.

CLASS ACTION COMPLAINT

FEDEX GROUND PACKAGE SYSTEM,
INC., JOHN SCHNEBECK, CHERYL
PILAKOWSKI, AND JOHN DOES 1 through
10,

Defendants.

## I.   NATURE OF ACTION

1.1    This is a class action for unpaid overtime wages and for reimbursement of uniform expenses brought by three package pick-up and delivery drivers ("class representatives"), on behalf of themselves and others similarly situated who worked for defendants for the past three years, and hereafter.

1.2    This complaint alleges that this class of employees have been misclassified as independent contractors and thereby have been unlawfully deprived of overtime wages, as required by RCW 49.46.130, and who have not been reimbursed for expenses of mandatory uniforms, as required by RCW 49.12.450.



CLASS ACTION COMPLAINT - 1
P:\152534\PLDG\Complaint-113004.doc

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
(206) 622-8000

II.   JURISDICTION AND AMOUNT IN CONTROVERSY

2.1   The Superior Court of Washington has jurisdiction of plaintiffs' claims pursuant to RCW 2.08.010 and CR 23.

2.2   Venue in King County is appropriate pursuant to RCW 4.12.025.

2.3   The named plaintiffs allege that each has been harmed in an amount that does not exceed $75,000, exclusive of interest and costs.

III.   PARTIES

3.1   Plaintiff Randy Anfinson is a resident of Orting, Washington, in Pierce County. Mr. Anfinson has been employed as a package pickup and delivery driver for defendant since around June, 2002, and reports to the FedEx terminal in Auburn, Washington. He is an employee for purposes of the Washington State Minimum Wage Act ("MWA"), RCW 49.46.

3.2   Plaintiff James Geiger is a resident of Port Orchard, Washington, in Kitsap County, Washington. Mr. Geiger was employed as a package pickup and delivery driver for defendant from October, 2001 through September, 2003, and reported to the terminal in Tumwater, Washington. He is an employee for purposes of the MWA.

3.3   Plaintiff Steven Hardie is a resident of Bonney Lake, Washington, in Pierce County. Mr. Hardie has been employed as a package pickup and delivery driver for defendant since May, 2001 and reports to the terminal in Auburn, Washington. He is an employee for purposes of the MWA.

3.4   Defendant FedEx Ground Package System, Inc. ("FedEx") is a corporation doing business in the State of Washington and in King County. FedEx does business as "FedEx Ground" and as "FedEx Home." FedEx is an employer for purposes of the MWA.

3.5    Defendant John Schnebeck is the terminal manager for the FedEx terminal in Auburn, Washington, and upon information and belief is a resident of Pierce County, Washington. Mr. Schnebeck is an employer for purposes of the MWA, and a vice-principal and/or agent for purposes of RCW 49.52.050 and 49.52.070.

3.6    Defendant Cheryl Pilakowski is the terminal manager for the FedEx terminal in Tumwater, Washington, and upon information and belief is a resident of Pierce County, Washington. Ms. Pilakowski is an employer for purposes of the MWA, and a vice-principal and/or agent for purposes of RCW 49.52.050 and 49.52.070.

3.7    John Does 1 –10 are terminal managers, vice-principals and/or agents for FedEx in Washington.  Upon information and belief, these individuals are all agents of FedEx, are residents of Washington state, and are responsible for some or all of the acts and omissions alleged in this action. Plaintiffs will amend this complaint to add the actual names of these Doe defendants after they have been identified.

IV.    CLASS ACTION ALLEGATIONS

4.1    The class representatives seek to represent all persons who currently perform or who have performed services for defendants in Washington as "package pick up and delivery drivers" during at least a portion of the three years prior to the service and/or filing of this complaint, and thereafter, each of whom signed (or through his/her corporate entity signed) a FedEx contractor agreement and handled a single route; this proposed class excludes persons who handled multiple routes, temporary drivers, line-haul drivers, and persons who worked directly for a package pick up and delivery driver and who have not entered into a FedEx contractor agreement.

4.2    The action is properly maintainable under CR 23(a) and (b)(3).

CLASS ACTION COMPLAINT - 3
P:\1525234900\P\Complaint-113004.doc

SCHROETER GOLDMARK & BENDER
500 Central Building - 810 Third Avenue - Seattle WA 98104
(206) 622-8000

4.3     The class described in paragraph 4.1 is sufficiently numerous such that joinder of all of them is impractical, as required by CR 23(a)(1).

4.4     Pursuant to CR 23(a)(2), there are common questions of law and fact including, but not limited to, whether the defendants have mis-classified class members as independent contractors; whether defendants have failed to pay class members one and one-half times their regular rate of pay for all hours worked over 40 in work weeks; whether defendants have failed to reimburse class members for the expenses of mandatory uniforms; whether class members are exempt from the MWA's overtime requirements; whether the defendants have, in failing to make such overtime payments, acted willfully and with the intent of depriving plaintiffs and members of the class such compensation; and whether the defendants have failed to keep accurate records of time worked by employees performing the above-mentioned activities as required by law.

4.5     Pursuant to CR 23(a)(3), the class representatives' overtime claims and claims for reimbursement of uniform expenses, as well as defendants' anticipated affirmative defenses thereto, are typical of the claims of all class members and of defendants' anticipated affirmative defenses thereto.

4.6     The class representatives and their counsel will fairly and adequately protect the interests of the class as required by CR 23(a)(4).

4.7     Pursuant to CR 23(b)(3), class certification is appropriate here because common questions of law or fact common to members of the class predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
(206) 622-8000

V.    FACTUAL ALLEGATIONS

5.1    Defendants are engaged in the pick up and delivery of packages for customers, using a single national network of transportation and communication facilities in Washington State and throughout the United States.

5.2    During the time period relevant to this complaint, plaintiffs and class members worked as package pick-up and delivery drivers handling a single route.

5.3    Defendants have failed and refused to pay plaintiffs and class members overtime pay, i.e., one and one-half times their regular rate for all hours worked over 40 in any work week.

5.4    Defendants mis-classified plaintiffs and class members as independent contractors, rather than treating them as "employees" as required under Washington law.  In all material respects, defendants retained and exercised control over the manner and means by which plaintiffs and class members performed their jobs.

5.5    All plaintiffs and class members work for two divisions of the company, FedEx Ground and FedEx Home. In all respects relevant and material to this action, the terms and conditions of employment of employees are substantially the same regardless of the division for which they work.

5.6    Defendants have required that plaintiffs and class members wear, as a condition of employment, FedEx uniforms during work hours.

5.7    Defendants failed and refused to either to furnish plaintiffs these uniforms at no cost or to reimburse plaintiffs for the expenses related to such uniforms.  Instead, the cost of these uniforms was borne by plaintiffs.

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
(206) 622-8000

5.8     Since August 2004, after its receipt of the trial court's "Statement of Decision" in Estrada v. Fed Ex Ground, No. BC 210130 (Los Angeles State Superior Court, July 26, 2004), defendant has acted willfully and with intent to deprive class members of their proper wages.

VI.     FIRST CAUSE OF ACTION – CLASSWIDE FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE WASHINGTON STATE MINIMUM WAGE ACT, RCW 49.46

6.1     Plaintiffs restate and reallege the allegations set forth in paragraphs 1.1 through 5.8 above.

6.2     The defendants' failure to pay class members one and one-half their regular rate of pay for hours worked in excess of 40 in a work week constitutes a violation of RCW 49.46.130 and RCW 49.52.050(2).

6.3     As a result of defendants' acts and omissions, class members have been damaged in amounts not yet calculated.

VII.    SECOND CAUSE OF ACTION – CLASSWIDE FAILURE TO PAY FOR EXPENSE OF MANDATORY UNIFORMS IN VIOLATION OF THE WASHINGTON INDUSTRIAL WELFARE ACT, RCW 49.12

7.1     Plaintiffs restate and reallege the allegations set forth in paragraphs 1.1 through 6.3 above.

7.2     Defendant's failure to furnish required uniforms at no cost, or in the alternative, to compensate plaintiffs for the cost of uniforms constitutes a violation of RCW 49.12.450.

7.3     As a result of defendants' acts and omissions, class members have been damaged in amounts not yet calculated.

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 90104
(206) 622-8000

## VIII.   REQUEST FOR RELIEF

WHEREFORE, plaintiffs request that this Court enter an order certifying the class, and granting them and class members the following relief:

A.      Damages for lost wages and uniform expenses, incurred through December 31, 2005, in amounts to be proven at trial;

B.      Beginning in August, 2004, exemplary damages in amounts equal to double the wages due to class members, pursuant to RCW 49.52.070;

C.      Attorneys fees and costs pursuant to RCW 49.46.090, 49.48.030 and RCW 49.52.070;

D.      Prejudgment interest;

E.      Declaratory relief finding defendant in violation of the MWA; and

F.      Such other and further relief as the Court deems just and proper.

DATED this 20th day of December, 2004.

                                    SCHROETER, GOLDMARK & BENDER


                                    MARTIN S. GARFINKEL, WSBA #20787
                                    WILLIAM RUTZICK, WSBA #11533


                                    SCHWERIN CAMPBELL BARNARD


                                    LAWRENCE SCHWERIN, WSBA #4360
                                    DMITRI IGLITZIN, WSBA #17673
                                    Counsel for Plaintiffs

CLASS ACTION COMPLAINT - 7
P:\15253\9000P\Complaint-118004.doc

Exhibit B

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| RANDY ANFINSON, ET AL | NO.  04-2-39981-5   SEA |
| | Order Setting Civil Case Schedule (*ORSCS) |
| Plaintiff(s) | |
| vs | |
| FEDEX GROUND PACKAGE SYSTEM, ET AL | ASSIGNED JUDGE Canova          21 |
| | FILE DATE:                    12/21/2004 |
| Defendant(s) | TRIAL DATE:                  06/12/2006 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (**Schedule**) on the Defendant(s) along with the **Summons and Complaint/Petition**. Otherwise, the Plaintiff shall serve the **Schedule** on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the **Complaint/Petition**, whether that response is a **Notice of Appearance**, a response, or a Civil Rule 12 (CR 12) motion. The **Schedule** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

_____                    _____

        Print Name                                              Sign Name

RECEIVED
In King County Superior Court Clerk's Office

DEC 2 1 2004

Cashier Section
Superior Court Clerk

Order Setting Civil Case Schedule (*ORSCS)                    REV. 6/200      1

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [KCLR] --
especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for
attorneys and parties to pursue their cases vigorously from the day the case is filed. For example,
discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties,
claims, and defenses, for disclosing possible witnesses [See *KCLR 26*], and for meeting the discovery
cutoff date [See *KCLR 37(g)*].

## SHOW CAUSE HEARINGS FOR CIVIL CASES [King County Local Rule 4(g)]
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the
deadline in the schedule. A review of the case will be undertaken to confirm service of the original
complaint and to verify that all answers to claims, counterclaims and cross-claims have been filed. If
those mandatory pleadings are not in the file, a *Show Cause Hearing* will be set before the Chief Civil or
RJC judge. The Order to Show Cause will be mailed to all parties and designated parties or counsel are
required to attend.

## PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior
Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this
*Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the
parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any
pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Data by filing a
*Notice of Settlement* pursuant to KCLR 41, and forwarding a courtesy copy to the assigned judge. If a final
decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of
Settlement*, the case may be dismissed with notice.

If you miss your scheduled Trial Date, the Superior Court Clerk is authorized by KCLR 41(b)(2)(A) to
present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

## NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:
*All parties to this action must keep the court informed of their addresses*. When a Notice of
Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office,
parties must provide the assigned judge with a courtesy copy.

## ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:
A Statement of Arbitrability must be filed by the deadline on the schedule if the case is subject to
mandatory arbitration and service of the original complaint and all answers to claims, counterclaims and
cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain
an order from the assigned judge transferring the case to arbitration. Any party filing a Statement must
pay a $220 arbitration fee. If a party seeks a trial de novo when an arbitration award is appealed, a fee of
$250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

## NOTICE OF NON-COMPLIANCE FEES:
All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court
Clerk must send notice of non-compliance of schedule requirements and/or Local Rule 41.

King County Local Rules are available for viewing at www.metrokc.gov/kcscc.

Order Setting Civil Case Schedule (*ORSCS) REV. 6/200 2

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Tue  12/21/2004 | ★ |
| Confirmation of Service [See KCLR 4.1]. | Tue  01/18/2005 | ★ |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. $220 arbitration fee must be paid | Tue  05/31/2005 | ★ |
| DEADLINE to file Confirmation of Joinder if not subject to Arbitration. [See KCLR 4.2(a) and Notices on Page 2]. Show Cause hearing will be set if Confirmation is not filed. | Tue  05/31/2005 | ★ |
| DEADLINE for Hearing Motions to Change Case Assignment Area. [See KCLR 82(e)] | Tue  06/14/2005 | |
| DEADLINE for Disclosure of Possible Primary Witnesses [See KCLR 26(b)]. | Mon  01/09/2006 | |
| DEADLINE for Disclosure of Possible Additional Witnesses [See KCLR 26(b)]. | Tue  02/21/2006 | |
| DEADLINE for Jury Demand [See KCLR 38(b)(2)]. | Mon  03/06/2006 | ★ |
| DEADLINE for Setting Motion for a Change in Trial Date [See KCLR 40(e)(2)]. | Mon  03/06/2006 | ★ |
| DEADLINE for Discovery Cutoff [See KCLR 37(g)]. | Mon  04/24/2006 | |
| DEADLINE for Engaging in Alternative Dispute Resolution [See KCLR 16(c)]. | Mon  05/15/2006 | |
| DEADLINE for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLR 16(a)(4)]. | Mon  05/22/2006 | |
| DEADLINE to file Joint Confirmation of Trial Readiness [See KCLR 16(a)(2)] | Mon  05/22/2006 | ★ |
| DEADLINE for Hearing Dispositive Pretrial Motions [See KCLR 56; CR 56]. | Tue  05/30/2006 | |
| Joint Statement of Evidence [See KCLR 16(a)(5)]. | Mon  06/05/2006 | ★ |
| Trial Date [See KCLR 40]. | Mon  06/12/2006 | |

### III. ORDER

Pursuant to King County Local Rule 4 [KCLR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.

DATED:   12/21/2004

*Richard D. Eadie*

**PRESIDING JUDGE**

Order Setting Civil Case Schedule (*ORSCS)

REV. 6/200    3

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

READ THIS ORDER PRIOR TO CONTACTING YOUR ASSIGNED JUDGE

This case is assigned to the Superior Court Judge whose name appears in the caption of this *Schedule*. The assigned Superior Court Judge will preside over and manage this case for all pre-trial matters.

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

The following procedures hereafter apply to the processing of this case:

**APPLICABLE RULES:**

a. Except as specifically modified below, all the provisions of King County Local Rules 4 through-26 shall apply to the processing of civil cases before Superior Court Judges.

**CASE SCHEDULE AND REQUIREMENTS:**

A. Show Cause Hearing: A Show Cause Hearing will be held before the Chief Civil/Chief RJC judge if the case does not have confirmation of service on all parties, answers to all claims, crossclaims, or counterclaims as well as the confirmation of joinder or statement of arbitrability filed before the deadline in the attached case schedule. All parties will receive an *Order to Show Cause* that will set a specific date and time for the hearing. Parties and/or counsel who are required to attend will be named in the order.

B. Pretrial Order: An order directing completion of a Joint Confirmation of Trial Readiness Report will be mailed to all parties approximately six (6) weeks before trial. This order will contain deadline dates for the pretrial events listed in King County Local Rule 16:

1) Settlement/Mediation/ADR Requirement;
2) Exchange of Exhibit Lists;
3) Date for Exhibits to be available for review;
4) Deadline for disclosure of witnesses;
5) Deadline for filing Joint Statement of Evidence;
6) Trial submissions, such as briefs, Joint Statement of Evidence, jury instructions;
7) voir dire questions, etc;
8) Use of depositions at trial;
9) Deadlines for nondispositive motions:
10) Deadline to submit exhibits and procedures to be followed with respect to exhibits;
11) Witnesses -- identity, number, testimony;

C. Joint Confirmation regarding Trial Readiness Report: No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment), etc. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff/petitioner's counsel is responsible for contacting the other parties regarding said report.

D. Settlement/Mediation/ADR:

1) Forty five (45) days before the Trial Date, counsel for plaintiff shall submit a written settlement demand. Ten (10) days after receiving plaintiff's written demand, counsel for defendant shall respond (with a counteroffer, if appropriate).

2) Twenty eight (28) days before the Trial Date, a settlement/mediation/ADR conference shall have been held. **FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.**

E. Trial: Trial is scheduled for 9:00 a.m. on the date on the *Schedule or as soon thereafter as convened by the court*. The Friday before trial, the parties should access the King County Superior Court website at www.metrokc.gov/kcsc to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

**MOTIONS PROCEDURES:**

**A. Noting of Motions**

**Dispositive Motions:** All Summary Judgment or other motions that dispose of the case in whole or in part will be heard with oral argument before the assigned judge. The moving party must arrange with the courts a date and time for the hearing, consistent with the court rules.

King County Local Rule 7 and King County Local Rule 56 govern procedures for all summary judgment or other motions that dispose of the case in whole or in part. The local rules can be found at www.metrokc.gov/kcscc.

**Nondispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the *Note for Motion* should state "Without Oral Argument." King County Local Rule 7 governs these motions, which include discovery motions. The local rules can be found at www.metrokc.gov/kcscc.

Motions in Family Law Cases not involving children: Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions Calendar. King County Local Rule 7 and King County Local Rule 94.04 govern these procedures. The local rules can be found at www.metrokc.gov/kcscc.

**Emergency Motions:** Emergency motions will be allowed only upon entry of an *Order Shortening Time*. However, emergency discovery disputes may be addressed by telephone call, and without written motion, if the judge approves.

*Filing of Documents* All original documents must be filed with the Clerk's Office. *The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.* The assigned judge's working copy must be delivered to his/her courtroom or to the judges' mailroom. Do not file working copies with the Motions Coordinator, except those motions to be heard on the Family Law Motions Calendar, in which case the working copies should be filed with the Family Law Motions Coordinator.

Original Proposed Order: Each of the parties must include in the working copy materials submitted on any motion an original proposed order sustaining his/her side of the argument. Should any party desire a copy of the order as signed and filed by the judge, a preaddressed, stamped envelope shall accompany the proposed order.

Presentation of Orders: All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department. Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. If final orders and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.

C. Form: Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PETITIONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.

*Richard D. Eadie*

**PRESIDING JUDGE**

Exhibit C


CT System

**Service of Process Transmittal Form**
Seattle, Washington

**12/23/2004**

DEC 2 4 2004

**Via Federal Express (2nd Day)**

TO: Angela Nardick
FedEx Ground Package System, Inc.
1000 Fedex Drive
Moon Township, PA 15108
EMAIL: ABORHAM@SHIPRPS.COM

**RE: PROCESS SERVED IN WASHINGTON**

**FOR** FedEx Ground Package System, Inc. Domestic State: De

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

**1. TITLE OF ACTION:** Randy Anfinson et al, Plaintiffs vs Fedex Ground Package System, Inc, Defendant

**2. DOCUMENT(S) SERVED:** Summons and Class Action Complaint, Plaintiff's First Set of Interrogatories and Requests for Production of Documents (Original and Copy)

**3. COURT:** Superior Court of Washington for King County
Case Number 042399815SEA

**4. NATURE OF ACTION:** Unpaid Overtime Wages

**5. ON WHOM PROCESS WAS SERVED:** CT Corporation System, Seattle, Washington

**6. DATE AND HOUR OF SERVICE:** By Process server on 12/23/2004 at 12:26

**7. APPEARANCE OR ANSWER DUE:** Within 20 Days

**8. ATTORNEY(S):** Martin s. Garfinkel, 206-622-8000
Schroeter Goldmark & Bender
810 Third Avenue
Seattle, WA 98104

**9. REMARKS:**

SIGNED   **CT Corporation System**

PER   Kelley Parker /MT
ADDRESS   520 Pike Street
Seattle, WA 98101
SOP WS 0006871333

Information contained on this transmittal form is recorded for CT Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

Exhibit D

HONORABLE GREGORY P. CANOVA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

RANDY ANFINSON, JAMES GEIGER and
STEVEN HARDIE, individually and on behalf
of others similarly situated,

Plaintiffs,

v.

FEDEX GROUND PACKAGE SYSTEM,
INC., JOHN SCHNEBECK, CHERYL
PILAKOWSKI, and JOHN DOES 1 through
10,

Defendants.

Case No: 04-2-39981-5SEA

**ANSWER AND AFFIRMATIVE
DEFENSES OF DEFENDANTS FEDEX
GROUND PACKAGE SYSTEM, INC.,
JOHN SCHNEBECK, AND CHERYL
PILAKOWSKI TO PLAINTIFFS'
CLASS ACTION COMPLAINT**

Defendants FedEx Ground Package System, Inc. ("FedEx Ground"), John Schnebeck
("Schnebeck") and Cheryl Pilakowski ("Pilakowski") (collectively, the "Defendants"), on behalf
of themselves alone, and for no other defendant, provide the following answer to the "Class
Action Complaint" (the "Complaint") served by Plaintiffs Randy Anfinson, James Geiger, and
Steven Hardie (collectively, the "Plaintiffs"). Defendants deny all allegations of the Complaint
pertaining to the alleged defendants "John Does 1 through 10" for lack of knowledge and
information sufficient to form a belief as to their truth or falsity. Further, except as expressly
admitted below, Defendants deny the allegations of the Plaintiffs' Complaint.

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

**ANSWER TO ALLEGATIONS ABOUT THE "NATURE OF ACTION"**

1.      Answering paragraphs 1.1 and 1.2, these paragraphs state the Plaintiffs' legal description of their lawsuit, and therefore require no answer. Notwithstanding the foregoing, Defendants specifically deny that Plaintiffs have any causes of action against Defendants under the statutes invoked in their Complaint or any other legal theory. Defendants deny Plaintiffs' allegation in paragraph 1.1 of the Complaint that they were employees of Defendants, and also deny that this case may properly be adjudicated on a class-action basis.

**ANSWER TO ALLEGATIONS ABOUT "JURISDICTION AND AMOUNT IN CONTROVERSY"**

2.      Answering paragraphs 2.1 and 2.2, these paragraphs are statements of Plaintiffs' legal positions, and therefore require no answer.

3.      Answering paragraph 2.3, this paragraph is Plaintiffs' description of their own allegation, which requires no answer. Notwithstanding the foregoing, Defendants specifically deny that Plaintiffs are entitled to any recovery at all. However, Defendants further deny that the "matter in controversy," within the meaning of 28 U.S.C. § 1332, as to the individual claims of Anfinson, Geiger, and Hardie fails to exceed the "sum or value of $75,000, exclusive of interest and costs" within the meaning of 28 U.S.C. § 1332.

**ANSWER TO ALLEGATIONS ABOUT THE "PARTIES"**

4.      Answering paragraph 3.1, Defendants deny the allegation that Randy Anfinson is or was an employee of any Defendant for the purposes of the Washington Minimum Wage Act or otherwise. Defendants admit that Anfinson is an independent contractor for Defendant FedEx Ground, and that he has had such a relationship with FedEx Ground since on or about July 8, 2002. Defendants further admit that Anfinson provides (and has provided) package pickup and delivery services for Defendant FedEx Ground in connection with its terminal in Auburn, Washington, but deny that he "reports to" that terminal in anything other than a physical sense.

ANSWER & AFFIRMATIVE DEFENSES OF DEFENDANTS FEDEX GROUND PACKAGE SYSTEM, INC., JOHN SCHNEBECK, AND CHERYL PILAKOWSKI TO PLAINTIFFS' CLASS ACTION COMPLAINT - 2
(04-2-39981-5SEA)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

1  Defendants lack knowledge sufficient to form a belief as to the remaining allegations in this

2  paragraph, and, on that basis, deny the same.

3       5.     Answering paragraph 3.2, Defendants deny the allegation that James Geiger is or

4  was an employee of any Defendant for the purposes of the Washington Minimum Wage Act or

5  otherwise. Defendants admit that Geiger was an independent contractor for the FedEx Home

6  Delivery division of Defendant FedEx Ground from approximately October 2001 through

7  September 2003. Defendants further admit that Geiger provided package pickup and delivery

8  services for Defendant FedEx Ground in connection with its terminal in Olympia, Washington,

9  but deny that he "reported to" that terminal in anything other than a physical sense. Defendants

10 lack knowledge sufficient to form a belief as to the remaining allegations in this paragraph, and,

11 on that basis, deny the same.

12      6.     Answering paragraph 3.3, Defendants deny the allegation that Steven Hardie is or

13 was an employee of any Defendant for the purposes of the Washington Minimum Wage Act or

14 otherwise. Defendants admit that Hardie is an independent contractor for Defendant FedEx

15 Ground, and that he has had such a relationship with FedEx Ground since on or about April 19,

16 2001. Defendants further admit that Hardie provides (and has provided) package pickup and

17 delivery services for Defendant FedEx Ground in connection with its terminal in Auburn,

18 Washington, but deny that he "reports to" that terminal in anything other than a physical sense.

19 Defendants lack knowledge sufficient to form a belief as to the remaining allegations in this

20 paragraph, and, on that basis, deny the same.

21      7.     Answering paragraph 3.4, Defendants admit that FedEx Ground is a corporation

22 doing business in the State of Washington and in King County. Defendant FedEx Ground admits

23 that it does business as "FedEx Ground" and it has a business division commonly known as

24 "FedEx Home Delivery." The remaining allegations in this paragraph are statements of

25 Plaintiffs' legal position, and therefore require no answer. Notwithstanding the foregoing,

26 Defendants specifically deny that they have, or have ever had, an employer-employee

27

28

ANSWER & AFFIRMATIVE DEFENSES OF DEFENDANTS FEDEX
GROUND PACKAGE SYSTEM, INC., JOHN SCHNEBECK, AND
CHERYL PILAKOWSKI TO PLAINTIFFS' CLASS ACTION
COMPLAINT - 3
(04-2-39981-5SEA)

1  relationship with Plaintiffs, or any putative member of the proposed class, as alleged in the

2  Complaint. Except as expressly stated herein, Defendants deny the allegations in this paragraph.

3        8.     Answering paragraph 3.5, Defendants admit that Schnebeck is employed by

4  Defendant FedEx Ground as Senior Manager for FedEx Ground's terminal in Auburn,

5  Washington. Defendants specifically deny that Schnebeck is an "employer," and/or a "vice-

6  principal and/or agent," as alleged in the second sentence of this paragraph of the Complaint, and

7  Defendants further deny that Schnebeck is a resident of Pierce County.

8        9.     Answering paragraph 3.6, Defendants admit that Pilakowski is employed by the

9  FedEx Home Delivery Division of Defendant FedEx Ground as Senior Manager for the FedEx

10  Home Delivery terminal in Olympia, Washington. Defendant Pilakowski also admits that she is

11  a resident of Pierce County. Defendants specifically deny that Pilakowski is an "employer,"

12  and/or a "vice-principal and/or agent," as alleged in the second sentence of this paragraph of the

13  Complaint.

14        10.    Answering paragraph 3.7, Defendants are without sufficient information to form a

15  belief as to the allegations in this paragraph, and, on that basis, deny the same. To the extent this

16  paragraph states Plaintiffs' legal position, it requires no answer.

17                **ANSWER TO "CLASS ACTION ALLEGATIONS"**

18        11.    Answering paragraphs 4.1 through 4.7, these paragraphs constitute Plaintiffs'

19  description of their lawsuit and statements of Plaintiffs' legal positions with respect to the

20  propriety of adjudication on a class-action basis, and therefore require no answer.

21  Notwithstanding the foregoing, Defendants deny that any Plaintiff has any claims or causes of

22  action against Defendants under the statutes invoked in the Complaint or under any other legal

23  theory. Defendants deny that there is any appropriate class of plaintiffs in this matter, and also

24  deny that Plaintiffs' purported class could satisfy any of the class certification requirements

25  under Washington or federal law. Except as expressly admitted, Defendants deny the allegations

26  in these paragraphs.

27

28

ANSWER & AFFIRMATIVE DEFENSES OF DEFENDANTS FEDEX
GROUND PACKAGE SYSTEM, INC., JOHN SCHNEBECK, AND
CHERYL PILAKOWSKI TO PLAINTIFFS' CLASS ACTION
COMPLAINT - 4
(04-2-39981-5SEA)

# ANSWER TO "FACTUAL ALLEGATIONS"

12.     Answering paragraph 5.1, Defendants admit that FedEx Ground is engaged in the business of pickup and delivery of packages for customers in Washington and throughout the United States, and that, in providing these services, FedEx Ground utilizes a nation-wide network of transportation and communications facilities.

13.     Answering paragraph 5.2, Defendants admit that Plaintiffs Anfinson, Geiger, and Hardie were, or still are, independent contractors engaged in the business of providing pickup and delivery services for Defendant FedEx Ground. Defendants further admit that each Plaintiff was, or still is, responsible for a single route. Defendants specifically deny that Plaintiffs or any purported member of the putative class are (or were) employees of any Defendants as alleged in their Complaint, and, except as expressly admitted, Defendants deny all of the allegations in this paragraph.

14.     Answering paragraph 5.3, Defendants deny that Plaintiffs, or any purported member of Plaintiffs' putative class, were entitled to receive time-and-one-half "overtime pay" for working more than 40 hours in a work week. Defendants specifically deny that Plaintiffs or any purported member of the putative class are employees of any Defendants, and, except as expressly admitted, Defendants deny all of the allegations in this paragraph.

15.     Answering paragraph 5.4, Defendants deny the allegations of this paragraph in their entirety.

16.     Answering paragraph 5.5, this paragraph contains Plaintiffs' own description of their putative class as well as a statement of Plaintiffs' legal position, and therefore no answer is required. Notwithstanding the foregoing, Defendants admit that FedEx Ground does business as "FedEx Ground" and it has a business division commonly known as "FedEx Home Delivery." Defendants specifically deny that Plaintiffs or any purported member of the putative class are employees of any Defendants, and also specifically deny that they are engaged under

ANSWER & AFFIRMATIVE DEFENSES OF DEFENDANTS FEDEX GROUND PACKAGE SYSTEM, INC., JOHN SCHNEBECK, AND CHERYL PILAKOWSKI TO PLAINTIFFS' CLASS ACTION COMPLAINT - 5
(04-2-39981-5SEA)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

1   "substantially the same" terms and conditions as each other.  Except as expressly admitted,

2   Defendants deny all of the allegations in this paragraph.

3       17.   Answering paragraph 5.6, Defendants deny that Plaintiffs, or any purported

4   member of the putative class, have "work hours."  Defendants admit that, as independent

5   contractors, Plaintiffs, and the purported members of the putative class, agreed, as one of the

6   terms of their voluntary contractual relationship with FedEx Ground, to wear FedEx Ground-

7   approved attire in order to facilitate customer recognition and prompt access to the customers'

8   premises.  To the extent this paragraph states Plaintiffs' legal positions, no answer is required.

9   Defendants specifically deny that Plaintiffs or any purported member of the putative class are

10  employees of any Defendants, and, except as expressly admitted, Defendants deny all of the

11  allegations in this paragraph.

12      18.   Answering paragraph 5.7, Defendants admit that Plaintiffs are required to bear the

13  cost of the attire which they wear when performing pickups and deliveries for FedEx Ground

14  customers.  Defendants specifically deny that Plaintiffs or any purported member of the putative

15  class are employees of any Defendants, and Defendants also deny that there is any legal

16  obligation on the part of any Defendant to furnish or provide reimbursement for the attire in

17  question. Except as expressly admitted, Defendants deny all of the allegations in this paragraph.

18      19.   Answering paragraph 5.8, Defendants deny every allegation in this paragraph.

19  Moreover, to the extent this paragraph states Plaintiffs' legal positions, no answer is required.

20                      **ANSWER TO FIRST CAUSE OF ACTION**

21      20.   Answering paragraph 6.1, Defendants reincorporate every admission and denial

22  set forth above as though fully repeated herein.

23      21.   Answering paragraphs 6.2 and 6.3, these paragraphs state the Plaintiffs' legal

24  position, and therefore require no answer.   Notwithstanding the foregoing, Defendants

25  specifically deny the existence of any obligation under Washington law to provide overtime

26  compensation to Plaintiffs or any of the purported members of Plaintiffs' putative class.

27
    ANSWER & AFFIRMATIVE DEFENSES OF DEFENDANTS FEDEX
28  GROUND PACKAGE SYSTEM, INC., JOHN SCHNEBECK, AND
    CHERYL PILAKOWSKI TO PLAINTIFFS' CLASS ACTION
    COMPLAINT - 6
    (04-2-39981-5SEA)

1

## ANSWER TO SECOND CAUSE OF ACTION

2     22.    Answering paragraph 7.1, Defendants reincorporate every admission and denial

3   set forth above as though repeated fully herein.

4     23.    Answering paragraphs 7.2 and 7.3, these paragraphs state Plaintiffs' legal

5   position, and therefore require no answer.   Notwithstanding the foregoing, Defendants

6   specifically deny the existence of any obligation under Washington law to furnish Plaintiffs, or

7   any of the purported members of Plaintiffs' putative class, with uniforms, or, in the alternative,

8   to provide reimbursement for the costs of any such alleged uniforms.

9

## ANSWER TO "REQUEST FOR RELIEF"

10     24.    Answering paragraphs A-F, these paragraphs state Plaintiffs' legal positions, and

11   therefore require no answer.  Notwithstanding the foregoing, Defendants deny that any Plaintiff,

12   or any purported member of Plaintiffs' putative class, has any claims against any Defendants

13   under the statutes invoked in the Complaint or under any other legal theories.  Defendants deny

14   that this lawsuit may properly be adjudicated on a class-action basis, and also deny that any

15   Plaintiffs, or any purported member of Plaintiffs' putative class, are entitled to any form of relief

16   against any Defendants.

17

## AFFIRMATIVE DEFENSES

18     Having fully answered Plaintiffs' Complaint, Defendants plead the following defenses

19   and/or affirmative defenses on their own behalf, without waiving any arguments which they may

20   be entitled to assert regarding the burden of proof, legal presumptions or other legal

21   characterizations.

22

## FIRST AFFIRMATIVE DEFENSE

23

### Failure to State a Claim

24     Plaintiffs' Complaint fails to state a claim upon which relief may be granted as to any

25   Defendant.

26

27

28
ANSWER & AFFIRMATIVE DEFENSES OF DEFENDANTS FEDEX
GROUND PACKAGE SYSTEM, INC., JOHN SCHNEBECK, AND
CHERYL PILAKOWSKI TO PLAINTIFFS' CLASS ACTION
COMPLAINT - 7
(04-2-39981-5SEA)

**Jackson Lewis LLP**
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

1

## SECOND AFFIRMATIVE DEFENSE

2

### Statute of Limitations

3    Plaintiffs' causes of action, and the causes of action of the purported members of the

4    putative class defined in the Complaint, or some of them, are barred in whole or in part by the

5    applicable statutes of limitations.

6

## THIRD AFFIRMATIVE DEFENSE

7

### No Class Action

8    Plaintiffs' causes of action, and each of them, cannot and should not be maintained on a

9    class-action basis because those causes of action, and each of them, fail to meet the necessary

10    requirements for class certification, including, *inter alia*, numerosity, commonality, typicality,

11    predominance, superiority, and adequacy of the class representatives.    Moreover, Plaintiffs'

12    Complaint fails to satisfy the pleading requirements for class action lawsuits set forth in King

13    County Local Rule 23.

14

## FOURTH AFFIRMATIVE DEFENSE

15

### Unconstitutional Class Action

16    Certification of a class action under the circumstances of this case would violate

17    Defendants' rights under the United States Constitution.

18

## FIFTH AFFIRMATIVE DEFENSE

19

### No Standing

20    Neither Plaintiffs, nor the purported members of the putative class defined in the

21    Complaint, are covered by the statutes, regulations and legal theories sought to be invoked in the

22    Complaint. Accordingly, for this and other reasons, Plaintiffs' causes of action, or some of them,

23    are barred in whole or in part because Plaintiffs, or some of them, lack standing.

24

25

26

27    ANSWER & AFFIRMATIVE DEFENSES OF DEFENDANTS FEDEX

28    GROUND PACKAGE SYSTEM, INC., JOHN SCHNEBECK, AND
CHERYL PILAKOWSKI TO PLAINTIFFS' CLASS ACTION
COMPLAINT - 8
(04-2-39981-5SEA)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

1

**SIXTH AFFIRMATIVE DEFENSE**

2

De Minimis

3      Assuming, arguendo, that Plaintiffs, and the purported members of the putative class

4  defined in the Complaint, or some of them, are/were employees within the meaning of

5  Washington law, which Defendants specifically deny, Plaintiffs' causes of action, and some or

6  all of the causes of action of some or all of the putative class members, are barred in whole or in

7  part by the *de minimis* doctrine.

8

**SEVENTH AFFIRMATIVE DEFENSE**

9

Preemption

10      Plaintiffs' causes of action, and the causes of action of the purported members of the

11  putative class defined in the Complaint, or some of them, are preempted, in whole or in part, by

12  federal law, and the federal regulation of interstate commerce in general and the transportation

13  industry in particular.

14

**EIGHTH AFFIRMATIVE DEFENSE**

15

Estoppel

16      Pending further discovery, Plaintiffs' causes of action, and the causes of action of each

17  purported member of the putative class defined in the Complaint, or some of them, are barred in

18  whole or in part because Plaintiffs and the putative class members are estopped by their own

19  conduct to claim any right to damages or other monetary relief from any Defendants.

20

**NINTH AFFIRMATIVE DEFENSE**

21

Laches

22      Pending further discovery, Plaintiffs' causes of action, and the causes of action of each

23  purported member of the putative class defined in the Complaint, or some of them, are barred in

24  whole or in part by the doctrine of laches.

25

26

27

28

ANSWER & AFFIRMATIVE DEFENSES OF DEFENDANTS FEDEX
GROUND PACKAGE SYSTEM, INC., JOHN SCHNEBECK, AND
CHERYL PILAKOWSKI TO PLAINTIFFS' CLASS ACTION
COMPLAINT - 9
(04-2-39981-5SEA)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

1

### TENTH AFFIRMATIVE DEFENSE

2

#### Res Judicata/Collateral Estoppel

3   Pending further discovery, Plaintiffs' causes of action, and the causes of action of each

4   purported member of the putative class defined in the Complaint, or some of them, may be

5   barred, in whole or in part, by the doctrines of *res judicata* and/or *collateral estoppel*.

6

### ELEVENTH AFFIRMATIVE DEFENSE

7

#### Accord and Satisfaction; Payment

8   Plaintiffs' causes of action, and the causes of action of each purported member of the

9   putative class defined in the Complaint, or some of them, are barred in whole or in part by the

10   principles of accord and satisfaction, and payment. Assuming, arguendo, that Plaintiffs, and the

11   purported members of the putative class defined in the Complaint, or some of them, are/were

12   employees within the meaning of Washington law, which Defendants specifically deny,

13   Plaintiffs' causes of action for alleged overtime, and the similar causes of action of each

14   purported member of the putative class defined in the Complaint, or some of them, are barred in

15   whole or in part by the receipt of compensatory time off.

16

### TWELFTH AFFIRMATIVE DEFENSE

17

#### Release

18   Pending further discovery, Plaintiffs' causes of action, and the causes of action of each

19   purported member of the putative class defined in the Complaint, or some of them, are barred in

20   whole or in part because said causes of action have been released by the individual(s) in

21   question.

22

### THIRTEENTH AFFIRMATIVE DEFENSE

23

#### Waiver

24   Pending further discovery, Plaintiffs' causes of action, and the causes of action of each

25   purported member of the putative class defined in the Complaint, or some of them, are barred in

26   whole or in part because such claims have been waived, discharged and/or abandoned.

27

ANSWER & AFFIRMATIVE DEFENSES OF DEFENDANTS FEDEX
28   GROUND PACKAGE SYSTEM, INC., JOHN SCHNEBECK, AND
CHERYL PILAKOWSKI TO PLAINTIFFS' CLASS ACTION
COMPLAINT - 10
(04-2-39981-5SEA)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

1

## FOURTEENTH AFFIRMATIVE DEFENSE

2

### Independent Contractor Status

3        Plaintiffs' causes of action, and the causes of action of each purported member of the

4    putative class defined in the Complaint, and each of them, are barred because said individuals

5    are/were independent contractors, and not employees of Defendants.

6

## FIFTEENTH AFFIRMATIVE DEFENSE

7

### Overtime Exemption

8        Assuming, arguendo, that Plaintiffs, and the purported members of the putative class

9    defined in the Complaint, or some of them, are/were employees within the meaning of

10   Washington law, which Defendants specifically deny, Plaintiffs' claims, and the claims of the

11   putative class members, or some of them, are barred in whole or in part because Plaintiffs and

12   the putative class members, or some of them, were at all relevant times exempt from the

13   overtime pay requirements of Washington law.

14

## SIXTEENTH AFFIRMATIVE DEFENSE

15

### Conduct Reasonable And In Good Faith/Not Willful

16       Assuming, arguendo, that Plaintiffs, and the purported members of the putative class

17   defined in the Complaint, or some of them, are/were employees within the meaning of

18   Washington law, which Defendants specifically deny, Plaintiffs' causes of action, and the causes

19   of action of each putative class member, or some of them, are barred, in whole or in part, on the

20   ground that Defendants acted in good faith, with a good-faith and reasonable belief that

21   Defendants had complied fully with Washington law, with a bona fide dispute as to the

22   obligation of payment, and/or in conformity with, and in reliance on, written administrative

23   regulations, orders, rulings, guidelines, approvals and/or interpretations of federal and/or

24   Washington agencies. Defendants' conduct was not willful.

25

26

27

ANSWER & AFFIRMATIVE DEFENSES OF DEFENDANTS FEDEX
28   GROUND PACKAGE SYSTEM, INC., JOHN SCHNEBECK, AND
CHERYL PILAKOWSKI TO PLAINTIFFS' CLASS ACTION
COMPLAINT - 11
(04-2-39981-5SEA)

## SEVENTEENTH AFFIRMATIVE DEFENSE

### Knowing Submission

Plaintiffs' causes of action, and the causes of action of each purported member of the putative class defined in the Complaint, or some of them, are barred in whole or in part because Plaintiffs and said putative class members knowingly submitted to and acquiesced in the violations alleged in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### Setoff and Recoupment

If any damages have been sustained by Plaintiffs, or by any purported member of the putative class defined in the Complaint, although such is not admitted hereby or herein and is specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all obligations of the Plaintiffs or putative class members owed to Defendants against any judgment that may be entered against Defendants.

## NINETEENTH AFFIRMATIVE DEFENSE

### Partial Payment

Assuming, arguendo, that Plaintiffs, and the purported members of the putative class defined in the Complaint, or some of them, are/were employees within the meaning of Washington law, which Defendants specifically deny, and assuming, arguendo, that any such Plaintiffs, and any such purported members of the putative class, or some of them, are entitled to overtime pay under Washington law, which Defendants specifically deny, then the amount of overtime allegedly owed to any such Plaintiffs or putative class members shall reflect the fact that, pursuant to their voluntary agreements with Defendant FedEx Ground, any and all such Plaintiffs and putative class members already have been compensated at a straight time rate for all hours "worked" in every work week.

ANSWER & AFFIRMATIVE DEFENSES OF DEFENDANTS FEDEX GROUND PACKAGE SYSTEM, INC., JOHN SCHNEBECK, AND CHERYL PILAKOWSKI TO PLAINTIFFS' CLASS ACTION COMPLAINT - 12
(04-2-39981-5SEA)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

## TWENTIETH AFFIRMATIVE DEFENSE

### Abatement/Abstention

The Court should abate and/or abstain from adjudicating, in whole or in part, some or all of Plaintiffs' causes of action, as well as some or all of the causes of action of any or all purported members of the putative class defined in the Complaint, because other actions were filed against Defendant FedEx Ground before the filing of Plaintiffs' Complaint, and said actions involve one or more of the same or similar claims as Plaintiffs' Complaint and ultimately may involve some of the same individuals.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### Arbitration

Plaintiffs' causes of action, and the causes of action of each purported member of the putative class defined in the Complaint, or some of them, may not be litigated in court because some or all of said individuals' causes of action may be subject to individual mandatory, final, and binding arbitration.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### No Individual Liability

Plaintiffs' Complaint fails to assert any facts or provide any other basis on which Defendants Schnebeck and Pilakowski may be held individually liable for the violations alleged in the Complaint.

* * *

Defendants reserve the right to assert by supplemental pleading any affirmative defenses or counterclaim which matures, or is acquired by any of them, subsequent to the filing of this Answer.

* * *

WHEREFORE, Defendants pray for judgment as follows:

(1)     That the Complaint and each cause of action therein be dismissed with prejudice;

ANSWER & AFFIRMATIVE DEFENSES OF DEFENDANTS FEDEX GROUND PACKAGE SYSTEM, INC., JOHN SCHNEBECK, AND CHERYL PILAKOWSKI TO PLAINTIFFS' CLASS ACTION COMPLAINT - 13
(04-2-39981-5SEA)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

1    (2)    That Plaintiffs take nothing by way of the Complaint;

2    (3)    That Defendants be awarded their costs incurred herein, and reasonable attorneys'

3    fees, pursuant to Chapter 4.84 RCW and any other applicable law;

4    (4)    That Defendants be granted leave to amend their pleadings to conform to the

5    proof; and

6    (5)    That the Court order such other and further relief for Defendants as the Court may

7    deem just and proper.

8

9

10    DATED this 21st day of January, 2005.

11                                JACKSON LEWIS LLP

12
     By:  _____
13        Wayne W. Hansen, WSBA #8912
          Aaron A. Roblan, WSBA #30784
14        Karen P. Kruse, WSBA#19857
          Jackson Lewis LLP
15        One Union Square
          600 University Street, Suite 2900
16        Seattle, WA 98101
          Telephone: (206) 405-0404
17        Fax: (206) 405-4450
          E-mail: krusek@jacksonlewis.com
18        Attorneys for Defendants FedEx Ground
          Package System, Inc., John Schnebeck,
19        Cheryl Pilakowski

20

21

22

23

24

25

26

27
ANSWER & AFFIRMATIVE DEFENSES OF DEFENDANTS FEDEX
28   GROUND PACKAGE SYSTEM, INC., JOHN SCHNEBECK, AND
     CHERYL PILAKOWSKI TO PLAINTIFFS' CLASS ACTION
     COMPLAINT - 14
     (04-2-39981-5SEA)

## DECLARATION OF SERVICE

The undersigned declares under penalty of perjury under the laws of the United States of America that a true and accurate copy of the document to which this declaration is affixed was sent via email and US mail, on this 21st day of January, 2005, to:

> Martin S. Garfinkel
> Schroeter Goldmark & Bender
> 810 Third Avenue
> Seattle, WA 98104
>
> Lawrence Schwerin
> Dmitri Iglitzin
> Schwerin Campbell Barnard
> 18 West Mercer Street, Suite 400
> Seattle, WA 98119

DATED this 21st day of January, 2005.

Lynn Gilkey

ANSWER & AFFIRMATIVE DEFENSES OF DEFENDANTS FEDEX
GROUND PACKAGE SYSTEM, INC., JOHN SCHNEBECK, AND
CHERYL PILAKOWSKI TO PLAINTIFFS' CLASS ACTION
COMPLAINT - 15
(04-2-39981-5SEA)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404